UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE: PHENYLPROPANOLAMINE (PPA) PRODUCTS LIABILITY LITIGATION, _____ This document relates to: Young v. Chattem, Inc., et al., No. 02-778 | MDL NO. 1407 ORDER DENYING MOTION TO AMEND TO CURRENT DATE THE ORDER OF MAY 24, 2004 NOT RECEIVED BY PLAINTIFF SO AS TO PRESERVE ANY REVIEW RIGHTS LOST |

THIS MATTER comes before the court on plaintiff Jacqueline Young's March 22, 2005 "Motion to Amend to Current Date the Order of May 24, 2004 Not Received by Plaintiff So As to Preserve Any Review Rights Lost." The court having reviewed the briefing and being fully advised, finds and rules as follows:

On May 24, 2004, the court entered an order granting defendant Chattem, Inc.'s ("Chattem") Motion to Dismiss with Prejudice for Plaintiff's Failure to Comply with Court Ordered Discovery. On March 22, 2005, plaintiff filed the instant motion seeking to amend to the current date the date of the court's May 24, 2004 order. Counsel for plaintiff, Scott Parks, asks for this amendment because, as he informs the court, he never received notice of the May 24, 2004 order dismissing plaintiff's claims against

ORDER
Page - 1 -

1  Chattem, and therefore his client had no opportunity to seek
2  review of the court's determination.
3      The court's Notice of Electronic Filing, which lists the
4  attorneys served with the court's May 24, 2004 order, however,
5  clearly lists Scott Parks' correct email address. Mr. Parks
6  concedes as much, but explains that he has the junk mail filter
7  on his email account set to the highest level to prevent the
8  account from being inundated with emails not related to his
9  business. At this highest level, the only emails that survive the
10 junk mail filter are apparently those from addresses that are in
11 Mr. Parks' contacts file. Mr. Parks explains that he entered the
12 court's electronic case filing ("ecf") system address into his
13 contacts file incorrectly, and that as a result, the court's ecf
14 emails did not make it through the junk mail filter.
15     The rule under which a party may move to alter or amend a
16 judgment is Fed. R. Civ. P. 59(e), which requires that such a
17 motion be filed no later than ten days after entry of judgment.
18 Therefore, under Rule 59(e), plaintiff's motion is untimely.
19 However, even if the court were to treat plaintiff's motion as
20 one made under Fed. R. Civ. P. 60(b)(1), which allows motions for
21 relief from judgment based on excusable neglect, plaintiff's
22 motion still fails. Mr. Parks' has admitted that he created the
23 situation by which he did not receive the court's May 24, 2004
24 order. In addition, Mr. Parks explains that he did not check the
25 docket sheet of this case "continuously" because on December 19,
26 2003, the court entered a stay order in the action pursuant to

ORDER
Page - 2 -

1  the then-pending settlement of all claims against Chattem. But
2  that stay order was not a blanket stay. It allowed the court, for
3  example, to rule on certain dispositive motions. "Neither igno-
4  rance nor carelessness on the part of the litigant or his attor-
5  ney provide grounds for relief under Rule 60(b)(1)." <u>Engleson v.
6  Burlington Northern Railroad Company</u>, 972 F. 2d 1038, 1043 (9th
7  Cir. 1992)(citation and internal quotation marks omitted).

8      For the reasons stated above, the court hereby DENIES
9  plaintiff Jacqueline Young's March 22, 2005 "Motion to Amend to
10 Current Date the Order of May 24, 2004 Not Received by Plaintiff
11 So As to Preserve Any Review Rights Lost."

13     DATED at Seattle, Washington this 11th day of May, 2005.

*[signature: Barbara J. Rothstein]*

Barbara Jacobs Rothstein
U.S. District Court Judge

ORDER
Page - 3 -