UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE: PHENYLPROPANOLAMINE (PPA) PRODUCTS LIABILITY LITIGATION,<br><br>_____<br><br>This document relates to:<br><br>Young v. Chattem, Inc., No. 02-778 | MDL NO. 1407<br><br>ORDER GRANTING DEFENDANTS SANDY FOODS INC., WAL-MART, INC. AND ECKERD, INC.'S MOTION TO DISMISS WITH PREJUDICE FOR PLAINTIFF'S FAILURE TO COMPLY WITH COURT-ORDERED DISCOVERY |

This matter comes before the court on defendants Sandy Foods, Inc., Wal-Mart, Inc. and Eckerd, Inc.'s (collectively, "retailer defendants") February 22, 2005 Motion to Dismiss With Prejudice for Plaintiff's Failure to Comply with Court-Ordered Discovery. Plaintiff Jacqueline Young did not file a timely opposition to the retailer defendants' motion to dismiss, but on March 22, 2005, filed a Motion for Relief from Deadline, seeking permission to file a late opposition. The court granted plaintiff's motion on May 6, 2005. The court has now received and reviewed all briefing on the retailer defendants' motion to dismiss, and, being fully advised, finds and rules as follows:

On March 18, 2002, the court entered Case Management Order ("CMO") 6 in which the court set a schedule and protocol for

ORDER
Page - 1 -

conducting all case-specific fact discovery within MDL 1407. Specifically, CMO 6 requires each plaintiff to complete a Plaintiff Fact Sheet ("PFS") and serve it upon Defendants within forty-five days of receipt of the PFS. On June 23, 2004, the court entered CMO 19, which further clarified the procedure for completing case-specific discovery, and changed the standard for an acceptable PFS from one that was "substantially complete," to one that is "complete in all respects." CMO 19A, entered April 4, 2005, provides that a defendant may file a motion to dismiss where a plaintiff fails to comply with court-ordered discovery.

In this case, the court has already considered a motion by defendant Chattem, Inc. ("Chattem") to dismiss plaintiff's claims against it for failure to comply with court-ordered discovery. The retailer defendants base their motion in part on this previous motion, and on the court's May 24, 2004 order dismissing plaintiff's claims against Chattem. In support of its motion, Chattem outlined a history of egregious discovery violations on the part of plaintiff. For example, although plaintiff's PFS was initially due May 24, 2002, plaintiff did not serve a PFS until *fifteen months later*, on August 28, 2003, after ignoring many reminders and requests from Chattem. In addition, plaintiff's August 28, 2003 PFS was strikingly deficient, in part because it did not include effective medical authorizations. The lack of valid authorizations prevented defendants from being able to retrieve plaintiff's medical records. Even more disturbing, plaintiff did not respond to Chattem's requests for supplemental

ORDER
Page - 2 -

information or valid authorizations.

In her defense, plaintiff claimed, and still claims, that the answers in her August 28, 2003 PFS were, in fact, adequate. However, the court rejected this contention when it dismissed plaintiff's claims against Chattem. That analysis applies equally to plaintiff's claims against the retailer defendants.

Since the dismissal of plaintiff's claims against Chattem, it seems that plaintiff has done little or nothing to address the damage caused by her failure to provide discovery as ordered by this court. The retailer defendants point out that they had a right to a substantially complete PFS over three years ago, and that the passage of time has merely exacerbated the consequences of plaintiff's behavior.

Before dismissing a case for non-compliance with court-ordered discovery, the court must weigh five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. Malone v. United States Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987).

First, both the public's interest in the expeditious resolution of litigation and the court's need to manage its docket weigh in favor of dismissal in this case. This plaintiff failed to fulfill her obligation to move her case forward. Second, the unreasonable delay in completing the PFS has prejudiced the

ORDER
Page - 3 -

1  retailer defendants' ability to defend against this action. An
2  unreasonable delay in producing this type of information severely
3  prejudices defendants, and it warrants dismissal. Pagtalunan v.
4  Galaza, 291 F.3d 639, 642-43 (9th Cir. 2002).
5       Third, inasmuch as the disposition of cases should be on the
6  merits, here, in light of the inability of the plaintiff to
7  provide certain basic information regarding the critical elements
8  of her claims, it is impossible to dispose of the case on the
9  merits. Plaintiff's inability or unwillingness to furnish the
10 information sought is inexcusable. See In re Exxon Valdez, 102
11 F.3d 429, 433 (9th Cir 1996) ("policy [of disposing cases on
12 their merits] lends little support to appellants, whose total
13 refusal to provide discovery obstructed resolution of their
14 claims on the merits.").
15      Last, there are no less drastic sanctions remaining.
16 Plaintiff received warning letters from defendants that were sent
17 pursuant to the court's case management orders.  Where the Court
18 has been lenient and has provided plaintiffs with second and
19 third chances following procedural defaults, "further default[]
20 may justify imposition of the ultimate sanction of dismissal with
21 prejudice." Malone, 833 F.2d at 132 n.1 (quoting Callip v.
22 Harris County Child Welfare Dep't, 757 F.2d 1513, 1521 (5th Cir.
23 1985)).
24      Plaintiff also argues that defendants "have chosen the wrong
25 method" to bring the alleged discovery violation to the court's
26 attention, suggesting that a motion to compel would have been

ORDER
Page - 4 -

1  more appropriate than a motion to dismiss. But the court's case
2  management orders specifically authorize a defendant to file a
3  motion to dismiss after providing a non-compliant plaintiff with
4  various warnings and requests for information.

5       Plaintiff also suggests that dismissal would be improper
6  where warnings of the potential for dismissal come from the
7  opposing party, rather than directly from the court. However, the
8  court's case management orders apprise every plaintiff of the
9  potential sanctions, including the possibility of dismissal, for
10 failing to comply with court-ordered discovery. This plaintiff
11 has disregarded a plethora of warnings from both the court and
12 from defendants, and will not now be allowed to assert ignorance
13 of the consequences of a failure to adhere to the court's case
14 management orders. In addition, this plaintiff had some of her
15 claims dismissed for this very conduct over a year ago. Plain-
16 tiff's failure to comply with court-ordered discovery is inexcus-
17 able for all the reasons stated above.

18      For the foregoing reasons, the retailer defendants' motion
19 to dismiss for failure to comply with court-ordered discovery is
20 GRANTED.  The plaintiff's claims against the retailer defendants
21 are DISMISSED with prejudice.

22      DATED at Seattle, Washington this 5th day of July, 2005.

*Barbara J. Rothstein*
Barbara Jacobs Rothstein
U.S. District Court Judge